IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL EDWARD HILL                                                                PLAINTIFF

                 v.                     Civil No. 05-5055

LT. BILL TESTER; and
CAPT. HUNTER PETRAY                                            DEFENDANTS

## ORDER

When the United States Marshal Service attempted to serve Lt. Bill Tester they were informed he was on military leave from the Arkansas State Police. Tester had reported to Fort Lewis, Washington, and was being deployed to Iraq in a month. Tester is scheduled to return to the United States in February of 2007. *See attached letter.*

According to the allegations of the complaint, Lt. Bill Tester sent the plaintiff, Michael Edward Hill, to the criminal investigation division, where it was agreed that he would wear a wire to get evidence from a man working in the kitchen at the Benton County Detention Center. Hill alleges the promises made to him were not kept and his life was put in danger because of his activities.

On December 19, 2003, the Servicemembers Civil Relief Act of 2003, Pub. L. No. 108-189, 117 Stat. 2835 (the Act), was signed into law. It revises the Soldiers' and Sailors' Civil Relief Act of 1940 and is now codified at 50 App. U.S.C. § 501 *et seq*. One of the purposes of the Act is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 501.

In the case of servicemembers who do not have notice of the action or proceeding and have not entered an appearance, as is true in this case, § 521(d) provides as follows:

> In an action covered by this section in which the defendant is in the military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that--
>
> (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
>
> (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

50 App. U.S.C. § 521(d).

In this case, Tester was already on active duty when the court ordered the complaint served on him. He therefore has no notice of the case or claim against him and § 521(d) is applicable. His military service has been verified with his current employer and the court has been provided with the name of his United States Army supervisor as well as the expected date of his deployment to Iraq and his expected date of return from Iraq. The court finds that Tester may have a defense to the action and he cannot present this defense while on active duty in Iraq. For this reason, a stay and administrative termination of the action as against Bill Tester is granted during the period of his active service in Iraq and for a period of ninety (90) days thereafter.

This stay as against Bill Tester may be lifted upon the filing of a motion to reopen at the expiration of the period specified. If Captain Petray believes it is not feasible for the case to proceed against him due to the unavailability of Tester, Captain Petray should file a motion asking that the stay be extended to the entire case.

IT IS SO ORDERED this 29th day of August 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)